**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE ARNOLD MONTIEL,

Plaintiff, Case No. 26-cv-12349
Hon. Matthew F. Leitman

v.

PASCHKE, ET AL.,

Defendants.
_______________________________________________________________/

**ORDER DENYING PLAINTIFF'S PETITION (ECF No. 11)**

On July 10, 2026, Plaintiff Jose Arnold Montiel filed a Complaint under 42 U.S.C. § 1983.[1] On August 12, 2026, Chief Magistrate Judge David R. Grand entered a Deficiency Order because Montiel neither paid the civil filing fee nor applied to proceed *in forma pauperis*. (*See* Deficiency Order, ECF No. 5.) The Deficiency Order directed Montiel to either pay the filing fee or file the documents required to proceed *in forma pauperis*. In response, Montiel filed an application to proceed *in forma pauperis*, but he did not submit the required certified trust account statement. (*See* Appl., ECF No. 7.)

[1] The Complaint was filed in the United States District Court for the Western District of Michigan. That court transferred the case to this Court because the events underlying the Complaint occurred in Jackson County, which lies in this district.

On September 22, 2026, the Court dismissed this case without prejudice because Montiel failed to comply with the Deficiency Order. On September 23, 2026, the Court received Montiel's "Petition to Have Courts Produce Any Progress." (*See* Pet., ECF No. 11.) The Court has reviewed the petition to determine whether it warrants reconsideration of the dismissal. It does not. Nothing in the filing addresses or excuses Montiel's failure to cure the deficiency identified in the Deficiency Order.

Moreover, since entering the dismissal order, the Court has determined that the Complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g). The "three strikes" provision provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, a prisoner with "three strikes" may not proceed *in forma pauperis* in a subsequent civil action unless the prisoner is under imminent danger of serious physical injury. *See id.*

Montiel has three strikes. *See Montiel v. Skinner*, No. 1:24-CV-1268, 2025 WL 1003930 (W.D. Mich. Mar. 12, 2025), report and recommendation adopted, No. 1:24-CV-1268, 2025 WL 1000667 (W.D. Mich. Apr. 3, 2025); *Montiel v. Cnty. of*

*Van Buren*, No. 1:25-CV-66, 2025 WL 913751 (W.D. Mich. Mar. 26, 2025); *Montiel v. Johnson*, No. 1:25-CV-122, 2025 WL 807756 (W.D. Mich. Mar. 14, 2025). Additionally, another judge in this district recently dismissed one of Montiel's complaints based on the three strikes rule. *Montiel v. Diakite*, No. 2:26-CV-11644, 2026 WL 2321600 (E.D. Mich. Aug. 11, 2026). Montiel has not alleged that he is in imminent danger of serious physical injury. Accordingly, he may not proceed *in forma pauperis*, and the Complaint is independently subject to dismissal under § 1915(g).

Accordingly, the Court DENIES Montiel's "Petition to Have Courts Produce Any Progress" (ECF No. 11) and declines to reconsider the dismissal of this action.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 13, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126